O’Toole, J.
The following portion of the trial judge’s report sums up the claim in this case and his disposition of it:
The issue to be decided by the Court is whether the $15,000 sent by Donato Gruosso to Joan B. Goldfarb was a loan to be repaid at some unspecified time in the future or whether the $15,000 constituted an investment in the business of Goldfarb Travel, Inc., entitling the plaintiff *36 to participate in the profits and losses of the business as a shareholder, but not to a right of repayment.
The three letters written in Gruosso’s own handwriting to Goldfarb, and which have been admitted into evidence as Exhibits 3, 4, and 5, along with the reasonable inferences to be drawn therefrom, clearly indicate that Gruosso himself believed that he was a shareholder of Goldfarb Travel, Inc. and not... a lender.
The Court finds that from the evidence and the reasonable inferences to be drawn therefrom that the $15,000 sent by Gruosso to Goldfarb constituted an investment in the business of Goldfarb Travel, Inc. entitling the plaintiff to participate in the profits and losses of the business as a shareholder.
Gruosso’s telling Goldfarb in March, 1982, that ‘he’d invest $15,000 in the travel business’ and ‘do it the way you want’; that he ‘expected a piece of the action’, is a clear indication by Gruosso that it was an investment in the travel business and was not a loan.
Report, pp. 7-8.
The reported evidence overwhelmingly supports the factual findings by an able and experienced trial judge, who heard and observed the witnesses’ testimony. The appellant offers no reason at all for setting aside those findings of fact.
The Report presents for our review the correctness of the judge’s rulings on the following requests for rulings of law by the appellant:
1. An implied contract for monies had and received was created upon the tender and acceptance of the subject $15,000.
2. A quasi-fiduciary relationship was present in the defendant inur-ring [sic] to the benefit of the plaintiff.
3. No partnership agreement was created between the plaintiff and the defendant.
4. No partnership was created between the plaintiff and third parties.
5. No joint-venture was created between the plaintiff and the defendant.
6. The defendant has become unjustly enriched to the detriment of the plaintiff.
7. Upon all the evidence the defendant is indebted to the plaintiff in the amount of $15,000 plus interest from March 2, 1982.
Each of these requests are founded upon a resolution of the factual dispute different from the judge’s. He properly ruled the first six inapplicable to the facts as he found them to be. The seventh request, nothing more than a prayer for a favorable finding, he properly denied.
There was no error. The Report is dismissed.